Newman, J.
The only question presented here is whether plaintiff in error had the right to file a *302 petition in error in the court of appeals. Section 11010, General Code, is as follows: “When the probate judge is satisfied that an idiot, imbecile or lunatic, or a person as to whom guardianship has been granted as such, is restored to reason, or that letters of guardianship have been improperly-issued, he shall make an entry upon the journal that such guardianship terminate. Thereupon it shall cease, and the accounts of the guardian be settled by the court.” The method of invoking the action of the probate court under this section is not defined. It is conceded, however, that the “restoration of reason” may be brought to the attention of the court by the ward. In the case of Hiett v. Nebergall, 45 Ohio St., 702, the imbecile ward filed a motion in the probate court in his own name asking for a termination of the guardianship. This court held that an appeal would lie from an order of a probate court overruling a motion of an imbecile ward to terminate the guardianship uppn the grounds (1) that letters of guardianship were in the first instance improperly issued, and (2) that if he was an imbecile at the time such letters were issued he has since been fully restored to reason. The court in that case recognized the right of the imbecile ward to institute the proceeding in the probate court in his own name and also his right to an appeal.
No question is made as to the right of plaintiff in error to commence the proceeding in the instant case and appeal to the court of common pleas if the probate court refused, to terminate the guardianship. But it is said that a proceeding in *303 error being a new and independent proceeding, Sections 11247 and. 11249, General Code, apply, and the petition in error could not be filed by the ward in the court of appeals. Section 11247 provides that the action of an insane person must be brought by his guardian, and its provisions clearly cannot apply to a proceeding under Section 11010 for termination of the guardianship, where the guardian himself is an adverse party; nor does Section 11249, providing that the defense of an insane person must be made by his legally appointed guardian, etc., relate to the proceeding in question here, where the imbecile ward is not making a defense but is asking affirmative relief. Again, if these two sections apply to a proceeding in error, they apply with equal force to the institution of the original proceeding in the. probate court, which concededly can be at the instance of and in the name of the ward.
Although defendant in error in this proceeding prosecuted error to the court of appeals and the court reversed the judgment of the court of common pleas in dismissing his appeal, yet his counsel urge here that when the matter has been adjudicated in the court of common pleas on appeal the proceeding is at an end. If this were true, it would be in contravention of the provisions of Section 6, Article IV of the Constitution, as amended, which confers upon the court of appeals jurisdiction to review, affirm, modify or reverse the judgments of the court of common pleas. This provision relates to all judgments of the courts of common pleas, and there is no authority on the part of the *304 general assembly to limit the jurisdiction of the court of appeals to any particular class of judgments. The Cincinnati Polyclinic v. Batch, 92 Ohio St., 415.
' Our holding is that the right of plaintiff in error to commence the proceeding in the probate court for the termination of the guardianship and to appeal to the court of common pleas in her own name carries with it the right to file a petition in error in the court of appeals to have the judgment óf the court of common pleas reviewed.
The judgment of the court of appeals is vacated and the cause is remanded to that court with direction to overrule the motion to dismiss the petition in error and for further proceedings according to law.

Judgment vacated.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.